UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRODERICK JAMES WARFIELD,

Plaintiff,

v.

AX9 SECURITY SERVICES,

Defendant.

No.  2:26–cv–02160–DJC-SCR

ORDER

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the court is Plaintiff's motion for leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  ECF No. 2.  The Court will direct Plaintiff to supplement his motion or to pay the filing fee.

The motion makes an insufficient showing to proceed in forma pauperis ("IFP").  The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Id.* (internal citation and quotation omitted).

Plaintiff's statement of income is ambiguous.  Plaintiff is currently employed and states that his gross pay is $2,000/week, but that his take-home pay is $400/week.  ECF No. 2 at 1.  It is

1

unclear if Plaintiff intended to report that he earns $2,000 **per month**, and that his take-home is $400 **per week**.  Plaintiff also lists that he receives approximately $1,250 per month in social security benefits.  *Id.*  This means that Plaintiff's take-home income is at least $2,850/month.  Plaintiff lists some specific monthly expenses, but the amount listed totals only $550.  Given that the reported income significantly exceeds the monthly expenses, it appears Plaintiff is capable of paying the $405 filing fee for this matter.  *See Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

However, Plaintiff's report of income is ambiguous, the listing of expenses appears incomplete, and Plaintiff has failed to answer question #5 concerning assets.  Thus, rather than denying the motion at this time, the Court will direct Plaintiff to supplement his motion.  If he does so, Plaintiff shall take care to fully complete the form.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff shall file a supplement to his motion to proceed IFP (ECF No. 2) within 21 days of the date of this Order.  Plaintiff's supplement shall clarify his monthly income, include a full listing of monthly expenses, and answer question #5 concerning assets.

2.  Alternatively, if Plaintiff wishes not to supplement his motion, he may pay the filing fee.

3.  If Plaintiff does not supplement the motion or pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice.

IT IS SO ORDERED.

DATED: June 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE