UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD, | No.  2:26-cv-02160-DJC-SCR |
| Plaintiff, | |
| v. | ORDER |
| AX9 SECURITY SERVICES, | |
| Defendant. | |

Plaintiff is proceeding pro se in this action, and accordingly the matter was referred to the undersigned pursuant to Local Rule 302(c)(21).  Before the Court are Plaintiff's motions to proceed in forma pauperis (ECF No. 2 & 8) and several motions to seal (ECF Nos. 4-6).  All the motions are DENIED for the reasons set forth herein.  The Court has also screened the complaint pursuant to its screening function under 28 U.S.C. § 1915(e).  For the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint, assuming he files a sufficient motion to proceed in forma pauperis or pays the filing fee.

**I.      The Motions to Proceed In Forma Pauperis**

Plaintiff's first motion to proceed in forma pauperis ("IFP") (ECF No. 2) was filed on June 15, 2026.  In that motion, Plaintiff averred under penalty of perjury that he was earning

1

income from his current employment at FedEx, and he was receiving social security disability payments. ECF No. 2 at 1. Plaintiff failed to list his assets, and did not adequately describe his monthly expenses, so the Court directed him to supplement the motion. ECF No. 3. The Order directed Plaintiff to "clarify his monthly income, include a full listing of monthly expenses, and answer question #5 concerning assets." *Id.* at 2.

On June 29, 2026, just two weeks after the filing of the first motion, Plaintiff filed his second motion for IFP. ECF No. 8. The second motion is again signed under penalty of perjury, and Plaintiff now states he is not employed, and does not list his social security disability as income. *Id*. at 1. He again fails to list his assets. *Id.* at 2. And he provides no greater detail concerning his monthly expenses. Because Plaintiff has refused to answer the question concerning assets, and has provided conflicting information concerning his income, the motions to proceed IFP will be DENIED.

## II.      Motions to Seal

Plaintiff has filed three unnecessary motions to seal. Plaintiff has filed approximately 30 prior lawsuits in this District. In at least some of these lawsuits, Plaintiff filed unnecessary motions related to sealing requests. For example, in *Warfield v. Solano County Superior Court*, 2:25-cv-00557-TLN-SCR, Judge Nunley issued an order denying 17 motions, primarily motions to seal, and directed that the "Court will not accept any further filings in this case." ECF Nol 58 at 5.

The instant motions are again unnecessary. This case is at a preliminary stage. Plaintiff has not been granted leave to proceed IFP, and his complaint has not passed screening. The first motion to seal seeks to file under seal photos of the "City of Vallejo government parking area." ECF No. 4 at 1. The second motion seeks to seal "Government Center location identifiers Timestamped activity June 4 travel details placing Plaintiff at the scene." ECF No. 5. The third motion appears to be redundant, as it seeks to submit photos of the parking area, as did the first motion. ECF No. 6.

Requests to seal documents in this District are governed by Local Rule 141. Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific

request to seal has been made. Rule 141(a).  However, a mere request to seal is not enough. Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing[.]"  Local Rule 141(b).  There is a "strong presumption in favor of access to court records."  *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy.  *Id*. (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Plaintiff's motions to seal do not comply with Local Rule 141.  Plaintiff has not submitted the proposed exhibits he seeks to seal.  LR 141(b).  Plaintiff's motions do not cite to statutory or other authority for sealing.  Additionally, there is no reason at this point in the litigation for Plaintiff to file the photographs.  Plaintiff's complaint does reference the Exhibits A & B, as evidence that Plaintiff was present at the parking lot on June 4, 2026.  ECF No. 1.  For purposes of screening the complaint, the Court accepts as true Plaintiff's allegation that was at that location on that date.  The motions to seal are DENIED.

### III.    Screening

Although Plaintiff has not yet been granted leave to proceed IFP, the Court has screened the complaint, as set forth below, and directs Plaintiff to file an amended complaint if he wishes for the action to proceed.

#### A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

3

sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.      The Complaint

Plaintiff's complaint asserts a Fourth and Fourteenth Amendment claim under 42 U.S.C. §1983 against the Defendant, AX9 Security Services.  ECF No. 1.  Defendant is alleged to be a

4

"private security company." *Id*. at 2.  Plaintiff alleges he was in a parking lot on June 4, 2026, when he was approached by a "uniformed AX9 security officer." *Id*. at 3.  Plaintiff alleges he was falsely accused of possessing a firearm.  Plaintiff contends he remained calm and posed no threat, but that the officer "continued to imply" he had a firearm.  *Id*.

Plaintiff asserts four claims: 1) § 1983 Fourth Amendment seizure; 2) § 1983 Fourteenth Amendment claim for creating a dangerous situation; 3) negligence; and 4) intentional infliction of emotional distress.  *Id*. at 4.  Plaintiff requests monetary damages.

C.    Analysis

Plaintiff's complaint fails to state a federal claim.  Counts I and II of the complaint allege violation of Plaintiff's constitutional rights under § 1983.  The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes.  *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).  Generally, private parties are not acting under color of state law.  *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Plaintiff has not sufficiently alleged that Defendant was acting under color of state law, or that his Constitutional rights were violated.  Plaintiff alleges in conclusory manner that Defendant acted under color of state law, but Plaintiff specifically alleges that Defendant is a "private security company."  It appears that Plaintiff's theory may be that because Defendant was licensed by the Bureau of Security and Investigative Services ("BSIS") that Defendant is state actor.  That theory is incorrect.  *See Ouzts v. Maryland Nat. Ins. Co*., 470 F.2d 790, 793 (9th Cir. 1972) ("Merely acting under a state license is not state action within meaning of the civil rights act."); *see also Darden v. Crowd Mgmt. Serv*., No. 24-325, 2025 WL 1984071 at *1 (9th Cir. 2025) ("State licensing alone is not sufficient to show that the powers exercised here were endowed by the state").  Plaintiff has inadequately pled state action.

Plaintiff has also not alleged a cognizable violation of his Constitutional rights.  Plaintiff alleges in conclusory terms that there was a "seizure" under the Fourth Amendment.  ECF No. 1 at 4.  However, Plaintiff's factual allegations are only that the security officer talked to him.  He does not allege that he was arrested or detained by the officer.  Plaintiff also alleges the officer

violated the Fourteenth Amendment by creating a danger, and Plaintiff references the "state created danger" doctrine.  "To succeed on a state-created danger claim, a plaintiff must establish that (1) a state actor's affirmative actions created or exposed him to 'an actual, particularized danger [that he] would not otherwise have faced,' (2) that the injury he suffered was foreseeable, and (3) that the state actor was deliberately indifferent to the known danger." *Sinclair v. City of Seattle*, 61 F.4th 674, 680 (9th Cir. 2023) (alterations in original) (quoting *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133–34 (9th Cir. 2018)).

As stated above, Plaintiff has not sufficiently alleged state action, and Defendant is a "private security company[.]"  Thus, the state created danger doctrine has no application.  The state created danger doctrine "applies only where there is affirmative conduct on the part of the state in placing the plaintiff in danger." *Patel v. Kent School Dist.*, 648 F.3d 965, 974 (9th Cir. 2011).  Plaintiff has also not described the "particularized danger" he was placed in, but rather merely alleges in conclusory terms that it was a "dangerous situation."  ECF No. 1 at 4.  Plaintiff fails to state a claim in Count II of his complaint.

Having concluded that Plaintiff fails to state a federal claim, the Court will not address the state law claims in Counts III and IV.  This is because if the federal claims are dismissed at this early stage in the litigation, the Court would recommend declining supplemental jurisdiction over the state law claims. *See Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.").

The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that a federal court "shall dismiss the case at any time" if it determines that the action is "frivolous or malicious" or fails to state a claim on which relief may be granted.  As discussed above, Plaintiff has failed to state a federal claim.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  (9th Cir. 1999).  Leave to amend is appropriate.

**IV. Amending the Complaint**

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The amended complaint must clearly set forth the relief requested. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff must adequately allege state action in support of his claims under § 1983, and allege sufficient factual content to state a claim to relief that is plausible on its face.

**V. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2 & 8) are DENIED.

7

2. Plaintiff may file a renewed motion to proceed IFP that addresses the issues set forth herein **within 21 days of the date of this Order**, and that fully answers the questions on the AO 240 form.

3. Alternatively, if Plaintiff does not wish to file a renewed motion for IFP, Plaintiff may pay the filing fee.

4. If Plaintiff does not file a renewed motion or pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice.

5. If Plaintiff does file a renewed motion or pay the filing fee, Plaintiff shall also file an amended complaint **within 30 days of the date of this Order**.

6. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7. Plaintiff's motions to seal (ECF Nos. 4, 5, & 6) are **DENIED**.  Plaintiff shall refrain from filing any additional motions to seal until he has complied with the other provisions of this Order.  Any future motion to seal must comply with Local Rule 141.  Failure to comply with the Local Rules or this Order may result in the imposition of sanctions.  *See* LR 110.

DATED: July 6, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE