UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK JAMES WARFIELD, Plaintiffs, v. AX9 SECURITY SERVICES, Defendant. | No. 2:26-cv-02160–DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court now recommends that this action be dismissed due to Plaintiff's failure to pay the filing fee and failure to comply with the Court's orders.

**I. Background and Procedural History**

Plaintiff filed his complaint and a motion to proceed in forma pauperis ("IFP") on June 15, 2026. ECF Nos. 1 & 2. The complaint purports to be an action under 42 U.S.C. § 1983, although the only named defendant is a "private security company[.]" ECF No. 1 at 2. Plaintiff appears to allege that Defendant's security guard falsely accused Plaintiff of possessing a firearm. *Id*. at 3.

On June 22, 2026, the Court issued an order which detailed deficiencies with Plaintiff's

motion to proceed IFP. ECF No. 3. The Court noted that Plaintiff's "report of income is ambiguous, the listing of expenses appears incomplete, and Plaintiff failed to answer question #5 concerning assets." *Id*. at 2. Plaintiff was directed to supplement his motion, or pay the filing fee. *Id*. On June 29, 2026, Plaintiff filed a new motion for IFP. ECF No. 8. Plaintiff changed his income from over $3,000/month on the initial motion, to zero. He also again gave an incomplete listing of expenses, and did not answer the question concerning assets. ECF No. 8 at 2. Accordingly, the Court denied the motion to proceed IFP. ECF No. 7.

The Court allowed Plaintiff the opportunity to file a renewed motion to proceed IFP, or to pay the filing fee within 21 days. ECF No. 7 at 7-8. The Court cautioned: "If Plaintiff does not file a renewed motion or pay the filing fee within 21 days, the Court will recommend that this action be dismissed without prejudice." *Id*. at 8. Plaintiff's deadline to respond was July 27, 2026. Plaintiff has not filed a renewed motion or paid the filing fee. On July 15, 2026, Plaintiff filed a document docketed as a "financial bank statement[.]" ECF No. 11.

## II. Analysis

Plaintiff has failed to comply with the Court's order. Plaintiff was to file either a renewed motion for IFP, or pay the filing fee. Plaintiff did neither. Instead, he filed a document which is not verified, which states he is not receiving worker's compensation or state disability benefits. ECF No. 11 at 1. Page two of the filing may be intended as evidence that he was terminated from employment on June 18, 2026. *Id.* at 2. The three pages of bank statement are almost entirely redacted. *Id.* at 4-6. They provide no information other than showing a deposit on July 1, 2026, which is listed as "SSI Treas," which may be a social security deposit, but the amount is not listed. If this was intended as a supplement to Plaintiff's prior motions for IFP, it did not cure the deficiencies. Plaintiff has still not listed his monthly expenses, or provided information concerning assets. "[O]ne need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted).

Additionally, if Plaintiff intended his "financial bank statement" (ECF No. 11) to be a

renewed motion to proceed IFP, then he failed to comply with other portions of the Court's order. *See* ECF No. 10 at 8 ("If Plaintiff does file a renewed motion or pay the filing fee, Plaintiff shall also file an amended complaint within 30 days of the date of this Order."). The amended complaint would have been due by August 5, 2026, and no amended pleading was filed. Plaintiff's motions to proceed IFP have been denied, and he has not filed a renewed motion or paid the filing fee. Accordingly, as Plaintiff has not paid the filing fee or been granted leave to proceed IFP, Plaintiff's action may not proceed. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

Plaintiff also did not file an amended complaint after the Court found at screening that he failed to state a federal claim and allowed leave to amend. The Court would also recommend dismissal pursuant to Federal Rule of Civil Procedure 41 and Local Rule 110 for failure to comply with the Court's orders.

**III. Conclusion**

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed without prejudice; and
2. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE